**O**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CICELY NICOLE BREWSTER, <br><br> Debtor. | Case No. 5:13-cv-505-ODW <br><br> Bankruptcy Case No. 6:12-bk-33284-DS <br> Adversary Case No. 6:12-ap-1442-DS |
| CICELY NICOLE BREWSTER, <br><br> Appellant, <br> v. <br> DEUTSCHE BANK NAT'L TRUST CO. AS TRUSTEE FOR AMERICAN HOME MORTGAGE ASSETS TRUST 2007-1, et al., <br><br> Appellees. | **ORDER** |

## I. INTRODUCTION

Appellant Cicely Nicole Brewster appeals to this Court an order from the bankruptcy court dismissing her Adversary Complaint under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(6). As discussed herein, the Court **AFFIRMS** the judgment below.

## II. JURISDICTION

This Court has jurisdiction to hear appeals for judgments, orders, and decrees entered in intra-district bankruptcy cases referred under 28 U.S.C. § 157. 28 U.S.C. § 158. The judgment in this adversary proceeding is final, and was entered in a

bankruptcy proceeding within this District. Accordingly, the judgment is appealable to this Court under 28 U.S.C. § 158.

## III. BACKGROUND

On October 30, 2006, Appellant Cicely Nicole Brewster refinanced the mortgage to her Moreno Valley property with a loan for $384,750, in favor of American Brokers Conduit. (Appellees' Br. 2.) This loan was secured through a promissory note, and Brewster signed a Deed of Trust for the property to American Brokers Conduit. (*Id.*) On August 1, 2011, this note was transferred to Deutsche Bank National Trust Co., acting as trustee for the Securitized Trust American Home Mortgage Assets Series 2007-1. (*Id.* at 3.) Brewster defaulted on the loan and on August 16, 2011, a Notice of Default was recorded against the property. (*Id.*) The property was eventually sold at a foreclosure sale on June 7, 2012. (*Id.*)

In Brewster's bankruptcy proceedings, she filed an Adversary Complaint on November 5, 2012, against Appellees alleging seven state-law claims, along with federal claims for violations under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), and rescission under TILA. The bankruptcy court dismissed the federal claims with prejudice and declined to exercise jurisdiction over the remaining state-law claims. This appeal followed.

## IV. ISSUES ON APPEAL

Liberally construing the issues on appeal, Brewster appeals to this Court to review (1) the dismissal of the claim for damages under TILA; (2) the dismissal of the claim for damages under RESPA; (3) the dismissal of the claim for rescission under TILA; (4) the dismissal of the federal claims without leave to amend; (5) the dismissal of the state-law claims; and (6) the dismissal of all claims with respect to the absent defendant American Brokers Conduit.

## V. LEGAL STANDARD

A bankruptcy court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error. *In re Hamada*, 291 F.3d 645, 649 (9th Cir.

2002). A court's factual determination is clearly erroneous if it is illogical or implausible, or if it lacks "support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 577 (1985)).

Dismissal for failure to state a claim is a legal conclusion and is reviewed de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). The application of statutes of limitations is also a legal conclusion and is reviewed de novo, but the determination of equitable tolling is reviewed for abuse of discretion. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003 (9th Cir. 2006).

Denying leave to amend a complaint is reviewed for an abuse of discretion. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). Similarly, the decision to dismiss supplemental claims once the federal claims have been dismissed is reviewed for an abuse of discretion. *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004).

## VI. DISCUSSION

The Court addresses each of Brewster's six grounds for appeal in turn.

### A. TILA violations

An action for damages under TILA is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). A TILA violation occurs, and the statute of limitations begins to run, at the time the loan documents are signed. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Nevertheless, the Ninth Circuit has held that for damages, TILA's remedial purpose may, in appropriate circumstances, permit equitable tolling to suspend the statute of limitations "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *Id.* However, equitable tolling focuses primarily on a plaintiff's *excusable* negligence; it "does not apply when a late filing is due to [the plaintiff's] failure to exercise due diligence in preserving his legal rights." *Hensley v. United States*, 531 F.3d 1052, 1058 (9th Cir. 2008).

The one-year statute of limitations for TILA bars Brewster's claim because it began to run in 2006, the time the loan documents were signed. Her claim for damages is thus time-barred as a matter of law unless she can allege facts that equitably tolled the statute of limitations.

Brewster argues that the statute of limitations is equitably tolled because Appellees failed to make the required disclosures. But this argument fails. Mere allegations of TILA violations do not toll the statute and nothing prevented her from comparing her loan contract and the initial disclosures with TILA's statutory and regulatory requirements. *See Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). Brewster presented no facts to demonstrate why the statute of limitations should be equitably tolled. The bankruptcy court was therefore within its discretion to rule that equitable tolling did not apply and that the alleged TILA violations were time-barred.

A claim for rescission under TILA is subject to a three-year statute of limitations, calculated from the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). Equitable tolling does not apply to rescission claims under TILA. *Mays v. U.S. Bank Nat'l. Ass'n.*, No. 1:09-CV-1586 AWI SMS, 2010 WL 318537, at *4 (E.D. Cal. Jan. 20, 2010); *see King*, 784 F.2d at 913 (9th Cir. 1986). Brewster's claim for rescission is barred by the statute of limitations because it began to run in 2006, when she refinanced her mortgage. Thus, the bankruptcy court properly concluded that her rescission claim was time-barred.

**B.  RESPA violations**

RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request ("QWR") for

information about the loan, 12 U.S.C. § 2605(f). *Oliver v. U.S. Bank, N.A.*, No. 11–CV–04300–LHK, 2012 WL 2376677, at *6 (N.D. Cal. June 22, 2012). Claims brought under § 2607 or § 2608 are subject to a one-year statute of limitations, while claims brought under § 2605 are subject to a three-year statute of limitations, each of which begins to run when the violation occurs. 12 U.S.C. § 2614.

It is unclear which type of wrongful act Brewster pleads in her Complaint. She appears to allege two wrongful acts:

> The interest and income that Defendants have gained is disproportionate to the situation Plaintiff finds herself in due directly to Defendant's [*sic*] failure to disclose that they will gain a financial benefit while Plaintiff suffers financially as a result of the loan product sold to Plaintiff. (Am. Compl. ¶ 119.)

and

> Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall. These actions were deceptive, fraudulent[,] and self-serving. (*Id.* ¶ 121.)

These RESPA allegations do not fall within one of the three types of wrongful acts articulated above and thus, she fails to state a claim under RESPA. And even if the Court construes her allegations to fall within one of the three types, the statute of limitations would bar her claim because her allegations concern wrongful acts committed at the origination of the loan in 2006.

The Court notes that in her appeal brief, Brewster mentions Appellees' failure to respond to two QWRs that were allegedly sent to the original trustee and substitute trustee in March and May 2012, respectively. But this was raised for the first time in Brewster's Opposition to the Motion to Dismiss. Brewster's allegations concerning Defendants' failure to respond to her QWRs were not in her pleadings, and therefore will be disregarded. A complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court is aware that Brewster is representing

herself in this matter, but even if the Court construes her Adversary Complaint to include these allegations, her claim fails.

RESPA places a duty on loan servicers to respond to borrower inquiries relating to information about the borrower's loan. 12 U.S.C. § 2605(e). This duty is triggered when the servicer receives a QWR from a borrower. 12 U.S.C. § 2605(e)(1)(A). After receiving a QWR, a servicer must acknowledge its receipt within five days and respond to the inquiries within thirty days. 12 U.S.C. § 2605(e)(1), (2). For purposes of RESPA, a QWR is defined as: a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that— (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. 12 U.S.C. § 2605(e)(1)(B).

Here, Brewster's two substantively identical QWRs requests 45 items, everything from an accounting of how much money is owed to copies of the prospectus offered to investors in the Securitized Trust American Home Mortgage Assets Series 2007-1. (Opp'n to Not. of Mot. and Mot. to Dismiss, Exs. C, D.) These all-encompassing requests for documents and records are not what RESPA contemplates.

Under RESPA, "[t]he term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). On the whole, Brewster's QWRs request documents relating to the original loan transaction and its subsequent history, and generally seek information on the validity of the loan and the underlying documents. Such requests do not fall within the confines of RESPA. *Consumer Solutions REO, LLC v. Hillery*,

658 F. Supp. 2d 1002, 1014 (N.D. Cal. 2009) (dismissing the plaintiff's RESPA claim with prejudice after observing that the requirement "[t]hat a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan.").

Moreover, § 2605 only requires loan servicers to respond to a proper QWR by correcting the account discrepancy, explaining why the account is correct, or if the information is unavailable, by providing contact information for someone who can assist the borrower with her inquiry. 12 U.S.C. §§ 2605(e)(2)(A)–(C). Thus, even if Brewster properly plead Defendants' failure to respond to her two QWRs, these QWRs request information exceeding the scope of information Defendants were required to provide in response. Therefore, the Court finds no error in the bankruptcy court's dismissal of this claim.

**C.     Leave to amend**

Denying leave to amend is ordinarily "improper unless it is clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). But discretion to deny leave to amend is particularly broad where a plaintiff has previously filed an amended complaint. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Brewster was given several opportunities to articulate facts to support her claims, including equitable tolling, but was unable to do so. The Court cannot see how she can save her claims from the statute of limitations. Accordingly, the bankruptcy court was within its discretion denying leave to amend her federal claims.

**D.     Supplemental jurisdiction of state-law claims**

A court may decline supplemental jurisdiction over state claims once it has dismissed the federal claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Since the federal claims were dismissed, the bankruptcy court did not abuse its discretion by declining to exercise supplemental jurisdiction over Brewster's state-law claims.

### E. Dismissal of an absent Defendant

Finally, the bankruptcy court did not err by sua sponte dismissing Brewster's Complaint against American Brokers Conduit. "A District Court may properly on its own motion dismiss an action as to the defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). Although American Brokers Conduit did not move to dismiss the Complaint, the bankruptcy court's decision to dismiss the Complaint against all Defendants, including American Brokers Conduit, "was not arbitrary, capricious nor an abuse of discretion, but, on the contrary, the decision was fully supported by substantial relevant evidence." *Id.* American Brokers Conduit was in a position similar to the moving Defendants and the claims were integrally related. Accordingly, the bankruptcy court's dismissal of the entire Complaint as to American Brokers Conduit was not improper.

## VII. DISPOSITION

Accordingly, for the reasons discussed above, the judgment of the bankruptcy court is **AFFIRMED**.

**IT IS SO ORDERED.**

September 9, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**